LANG IDEN V. THE STATE.

No. 16833. Delivered June 13, 1934.
Rehearing Denied (Without Written Opinion) October 17, 1934.
Reported in 75 S. W. (2d) 261.

The opinion states the case.

*Hood D. Kizziar* and *W. H. Lipscomb*, both of San Angelo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of

intoxicating liquor for the purpose of sale, punishment assessed at one year in the penitentiary.

Only one witness, W. A. Holt, sheriff of Runnels County, testified. In substance, his testimony is as follows: He and his deputy were on their way to appellant's house to see him on a matter of business which had no connection whatever with the transaction out of which this prosecution grew. When the officers were within about half a block of appellant's house he got in his car, hurriedly backed it out and drove north, the officers following. Finally appellant drove on to a street where there were no residences. Appellant stopped his car, stepped out of it down into the ditch alongside the road, and picked up a half gallon jar of whisky. The officers at this time were only twenty-five or thirty yards from him. He apparently did not see them. After getting back into his car he discovered the officers, who had gotten out of their car and were walking towards him. He poured the contents of the jar out and threw the jar on the ground. Within ten or fifteen seconds after he poured the whisky out the sheriff got to the car and appellant said to him, "You fellows made me pour out some damn good whisky and put me out of business for the day." He was not put under arrest at that time, but was informed by the sheriff to come to his office on the next day as he wanted to talk to him about some civil business which had no connection with this transaction. The jar had about a tablespoonful of whisky left in it. The sheriff testified it was full when he first saw it in appellant's hands.

There is only one bill of exception in the record. It apparently complains of the testimony of the officer on two grounds. The first, that appellant was under arrest; and second, "because the evidence did not disclose that the officers at that time had probable cause for believing that defendant was in possession of liquor." If it was intended by the bill to include objection to the statement made by appellant to the sheriff it is insufficient; but even had the bill been properly drawn presenting that question there would have been no merit in it. Unquestionably what appellant said to the sheriff was res gestae of the offense and was properly received in evidence.

It is not shown from the testimony that the officers were seeking to apprehend appellant or that they had any idea that he was going after whisky or was in possession of any. On the contrary, the evidence shows that the sheriff was trying to see him about matters relating to some civil business regarding which he desired appellant to come to his office the next

day. There was no search of appellant's car and the acts of appellant in pouring out the liquor which he apparently secured in ignorance of the proximity of the officers, would authorize the officers to make an arrest for an offense then being committed in their presence. See article 212 C. C. P.

There being no error in the record, the judgment is affirmed.

*Affirmed.*